IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

RICHARD JOSEPH BARTLETT,          *
                                  *
        Plaintiff,                *                     MAR 16 2026
                                  *
        v.                        *         CV 124-117        FILED
                                  *
COLUMBIA COUNTY, et al.,          *
                                  *
        Defendants.               *
                                  *
                                  *
                                  *
                                  *
                                  *
                                  *
                                  *

## O R D E R

Before the Court is Defendants Columbia County, Columbia County Sheriff's Office, and Sheriff Clay Whittle's motion for summary judgment (Doc. 13). For the following reasons, Defendants' motion for summary judgment is **GRANTED**.

## I. BACKGROUND

In 2014, Plaintiff was convicted in the Superior Court of Columbia County, Georgia for possession of methamphetamine, possession of marijuana, and possession of a firearm by a convicted felon. (Doc. 15, at 1.) He received a nine-year sentence with the first three years in confinement and the remainder on probation. (Id.) While on probation, Plaintiff was arrested on July 28, 2021, in Columbia County on charges of possession of methamphetamine with intent to distribute, driving with a

suspended license, and no proof of insurance.  (Id. at 2.) Following his arrest, a criminal warrant was issued on the possession of methamphetamine with intent to distribute charge, and Plaintiff waived his right to a first appearance.  (Id.) Plaintiff asserts he was being held for a foreign jurisdiction and that Columbia County Deputy Clarke told him he had bonded out of his current charges but still had a Richmond County hold.  (Doc. 24, at 6.)  Clarke told Plaintiff that Columbia County had 72 hours to receive the warrant from Richmond County, and if they did not, then Columbia County Jail had to release him.  (Id.)

Defendants assert Plaintiff has not seen any documentation showing he was on a "hold" for Richmond County at the time of his arrest in 2021, and they maintain he was on probation for his 2014 criminal case when he was arrested.  (Doc. 15, at 2.)  On August 2, 2021, Probation Officer Jamie Buckley took out a warrant for Plaintiff's arrest for violating his terms of probation.  (Id.) The warrant was signed by a Columbia County Superior Court Judge (the "Superior Court Judge") the same day.  (Id. at 3.)  Plaintiff was served with the warrant on August 3, 2021, and Buckley was the arresting officer.  (Id.)  Plaintiff agrees he received the warrant on August 3, 2021, but asserts it was a Richmond County warrant sent to the Columbia County Sheriff's Office.  (Doc. 24, at 6.) Both Defendants and Plaintiff admit Sheriff Whittle had no direct

involvement with the probation violation warrant.  (Doc. 14-1, at 14; Doc. 15, at 3.)

On August 6, 2021, Probation Officer Jamie Richardson submitted a petition for modification/revocation of probation, and on August 10, 2021, the Superior Court Judge entered an order setting a probation revocation hearing for October 18, 2021.  (Doc. 15, at 3.)  Plaintiff received the revocation petition and signed order on August 13, 2021.  (Id. at 4.)  Plaintiff had initially obtained bond on his 2021 charges, but the bond was dissolved on September 14, 2021.  (Id.)  The probation revocation hearing took place on May 16, 2022, and the Court found Plaintiff violated his probation.  (Id.)  He was sentenced to enrollment in the Ray-Toms Broken Outreach program, which he entered on June 20, 2022, and remained in for twelve months.  (Id.)  Plaintiff pled guilty to his 2021 charges in April 2023 and received a 15-year probation sentence.  (Id.)

Plaintiff asserts violations of his constitutional rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and brings this case against Defendants pursuant to 42 U.S.C. § 1983 stemming from his allegation that Columbia County Jail incorrectly held him for over 72 hours after his arrest without receiving a warrant from a foreign jurisdiction, Richmond County.  (Id.; Doc. 14, at 3-4; Doc. 24, at 6.)  He also states Defendants unlawfully held him for ten months without valid

3

or legal process by unlawful arrest after the first 72 hours. (Doc. 1-4, at 6.) Finally, he asserts Defendants "committed an unlawful tort," also related to the constitutional violations. (Id.)

On June 20, 2024, Plaintiff filed suit against Defendants in the Superior Court of Columbia County. (Doc. 1-4; Doc. 15, at 4.) Defendants timely removed the case on July 24, 2024. (Doc. 15, at 4; Doc. 1, at 2.) Removal was proper given the Court has federal question subject matter jurisdiction over Plaintiff's constitutional amendment violation claims and the 42 U.S.C. § 1983 claims. 28 U.S.C. § 1331. In addition, Plaintiff brings state law tort claims as related to the constitutional violations; thus, supplemental jurisdiction exists. (Doc. 1-4, at 6); 28 U.S.C. § 1367 ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action . . . that they form part of the same case or controversy.") On March 20, 2025, Defendants moved for summary judgment on all of Plaintiff's claims. (Docs. 13, 14.) After the Court granted an extension of time, Plaintiff responded in opposition on June 12, 2025. (Doc. 24.) Defendants' motion is therefore ripe for the Court's review.

4

## II. LEGAL STANDARD

Summary judgment is appropriate only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Facts are "material" if they could "affect the outcome of the suit under the governing [substantive] law," Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986), and a dispute is genuine "if the non[-]moving party has produced evidence such that a reasonable factfinder could return a verdict in its favor." Waddell v. Valley Forge Dental Assocs., Inc., 276 F.3d 1275, 1279 (11th Cir. 2001). The Court must view factual disputes in the light most favorable to the non-moving party, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986), and must "draw all justifiable inferences in [the non-moving party's] favor." United States v. Four Parcels of Real Prop., 941 F.2d 1428, 1437 (11th Cir. 1991) (en banc) (citation, internal quotation marks, and internal punctuation omitted). The Court should not weigh the evidence or determine credibility. Anderson, 477 U.S. at 255.

The moving party has the initial burden of showing the Court, by reference to materials in the record, the basis for the motion. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). When the non-movant bears the burden of proof at trial, the movant has two options as to how it can carry its initial burden. Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115-16 (11th Cir. 1993). The movant

may show an absence of evidence to support the nonmovant's case or provide affirmative evidence demonstrating the nonmovant's inability to prove its case at trial. Id.

If the movant carries its initial burden, the non-movant must "demonstrate that there is indeed a material issue of fact that precludes summary judgment." Vaughn v. Ret. Sys. Of Ala., 856 F. App'x 787, 789 (11th Cir. 2021) (citation omitted). The non-movant must tailor its response to the method by which the movant carries its initial burden. Fitzpatrick, 2 F.3d at 1116-17. For example, if the movant presents evidence affirmatively negating a material fact, the non-movant "must respond with evidence sufficient to withstand a directed verdict motion at trial on the material fact sought to be negated." Id. at 1116. On the other hand, if the movant shows a lack of evidence on a material fact, the non-movant must either show that the record contains evidence that was "overlooked or ignored" by the movant or "come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency." Id. at 1116-17 (citations omitted). The non-movant cannot carry its burden by relying on the pleadings or by repeating conclusory allegations contained in the complaint. See Morris v. Ross, 663 F.2d 1032, 1033-34 (11th Cir. 1981). Rather, the non-movant must respond with affidavits or as otherwise provided by Federal Rule of Civil Procedure 56.

"Parties may not, by the simple expedient of dumping a mass of evidentiary material into the record, shift to the Court the burden of identifying evidence supporting their respective positions." Preis v. Lexington Ins., 508 F. Supp. 2d 1061, 1068 (S.D. Ala. 2007). Essentially, the Court has no duty "to distill every potential argument that could be made based upon the materials before it on summary judgment." Id. (citing Resol. Tr. Corp. v. Dunmar Corp., 43 F.3d 587, 599 (11th Cir. 1995)). Accordingly, the Court will only review the materials the Parties specifically cite and legal arguments they expressly advance. See id.

In this action, the Clerk of Court provided Plaintiff notice of the motion for summary judgment, the right to file affidavits or other materials in opposition, and the consequences of default. (Doc. 17.) For that reason, the notice requirements of Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985), have been satisfied.

### III. DISCUSSION

The Court addresses the Parties' arguments below.

### A. Fourth, Fifth, Eighth, and Fourteenth Amendment Claims

Plaintiff asserts violations of his constitutional rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution against all Defendants. (Doc. 1-4, at

7

6.)   Defendants argue these claims fail because Plaintiff was "unable to articulate the basis of his allegations that these constitutional provisions had been violated." (Doc. 14, at 4; Doc. 14-1, at 2-15.) The deposition transcript shows when Plaintiff was asked how each amendment listed was violated, he said he "would have to go back through and read the Fourth, Fifth, Eighth, and [Fourteenth] Amendments again . . . to understand what I wrote there." (Doc. 14-1, at 13.) It is true that Plaintiff does not articulate what constitutional violations occurred under each Amendment except for general allegations of unlawful arrest, involuntary detention past a 72-hour hold time, and a due process violation. (Doc. 1-4, at 5-6.) The Court interprets Plaintiff's claims to be Fourth Amendment unlawful arrest and false imprisonment claims, and a Fourteenth Amendment violation of due process claim.

"A warrantless arrest without probable cause violates the Fourth Amendment and forms a basis for a [§] 1983 claim." Ortega v. Christian, 85 F.3d 1521, 1525 (11th Cir. 1996) (citation omitted). If the officer had probable cause at the time of arrest, then a plaintiff's claim for false arrest fails. Id. (citation omitted). An officer has probable cause when "the facts within the collective knowledge of law enforcement officials, derived from reasonably trustworthy information, are sufficient to cause a person of reasonable caution to believe that a criminal offense

8

has been or is being committed." Brown v. City of Huntsville, 608 F.3d 724, 734 (11th Cir. 2010) (citation omitted). In terms of false imprisonment, "a detention on the basis of a false arrest presents a viable [§] 1983 action." Ortega, 85 F.3d at 1526 (citations omitted). "Where a police officer lacks probable cause to make an arrest, the arrestee has a claim under [§] 1983 for false imprisonment based on a detention pursuant to that arrest." Id. (citation omitted).

Defendants provide ample evidence rebutting Plaintiff's claims of unlawful arrest and false imprisonment under the Fourth Amendment in their motion for summary judgment, including the Columbia County Booking Report for Plaintiff dated July 28, 2021, Plaintiff's signed waiver of right to have his first appearance dated July 28, 2021, Plaintiff's State Warrant and Mittimus signed by a Columbia County Magistrate Judge on July 28, 2021, and the Warrant for Arrest of Probationer for Columbia County dated August 2, 2021 showing it was executed on August 3, 2021. (Doc. 14-1, at 26-27, 28, 29, 36-37.) Defendants provide the incident report for Plaintiff's July 28, 2021 arrest, which indicates he was arrested for "possession of approximately (17) grams of methamphetamine, a digital scale, and ($1,862.00) in U.S. currency." (Id. at 19-22.) A supplemental report details the circumstances of Plaintiff's arrest. (Id. at 23-25.) The supplemental report indicates the vehicle Plaintiff was driving did not have insurance and the

9

registration was suspended, so an officer conducted a traffic stop. (Id. at 23.) The officer discovered Plaintiff's license was suspended, and the officer smelled an odor of marijuana while standing next to the vehicle. (Id.) The officer searched Plaintiff and Plaintiff's passenger, and the passenger said there was a pipe in the vehicle. (Id.) The officer then searched the car and found a plastic baggie with a white substance, a glass smoking device, and a digital scale. (Id.) The white substance was field tested and the results were positive for methamphetamine. (Id. at 24.) Plaintiff was read his Miranda rights and arrested, and after waiving his rights on audio recording, Plaintiff "stated the methamphetamine belonged to him." (Id.) Plaintiff does not provide evidence demonstrating his warrantless arrest was without probable cause, and he does not contest the details of his arrest. (See Doc. 24, at 5-8.) Given the above, the Court finds the evidence supports there was probable cause at the time of Plaintiff's arrest based on the marijuana smell outside the vehicle and the white substance confirmed to be methamphetamine found inside. Plaintiff does not rebut this finding nor show his arrest was unlawful.

As to the false imprisonment claim, Defendants argue "[P]laintiff seems to believe that he was being held for a foreign jurisdiction, Richmond County, [but] he has not seen any documentation showing that he was on a 'hold' for Richmond County."

10

(Doc. 14, at 4.)  Defendants also argue Plaintiff testified that "Columbia County received a warrant on him on August 3, 2021," but that in reality, Plaintiff was served with the arrest warrant signed by the Superior Court Judge for Plaintiff's violation of probation in Columbia County on that day.  (Id.)  In response, Plaintiff simply restates conclusory allegations from his complaint and provides legal standard language for a motion for summary judgment.  (Doc. 24, at 1-5.)  He asserts "there was no valid legal cause or hold instituted by a foreign jurisdiction to keep Plaintiff beyond the 72-hour involuntary custodial hold," and argues "Defendants . . . have inaccurately portrayed the current state of facts, evidence, and law defining the Plaintiff's meritorious claims," without arguing the specifics of his claims or countering Defendants' evidence with his own exhibits.  (Id. at 2.)  Plaintiff again details the alleged Richmond County warrant through a conversation with Clarke regarding a 72-hour holding period, but does not provide evidence contradicting Defendants' evidence that the warrant executed on August 3, 2021, the same date Plaintiff claims he received a warrant, was a Columbia County warrant for probation violations rather than a Richmond County warrant.  (Id. at 6.)

Plaintiff does not provide evidence of a Richmond County warrant; thus, his claim that he was improperly held for a foreign jurisdiction is wholly unsupported.  The lack of a Richmond County

11

warrant would indicate there was no hold for a foreign jurisdiction, and Defendants' evidence of the Columbia County warrant supports that Plaintiff was placed in the Columbia County jail following a Columbia County arrest and subsequent warrant based on a Columbia County probation violation. Because Plaintiff does not bring evidence that there was a foreign jurisdiction hold in place, Plaintiff's assertion that Defendants' custom is to "release any individual upon expiration of any type of 72[-]hour[] involuntary custodial detention if not presented with valid and/or legal process by foreign jurisdiction," is immaterial. (Doc. 1-4, at 6.) Further, because Plaintiff has not brought evidence that his arrest was unlawful, he fails to support a false imprisonment claim because the basis for false imprisonment is a detention pursuant to an arrest that lacked probable cause. Ortega, 85 F.3d at 1526.

In response to defendants' motion and evidence, a plaintiff cannot meet his burden by relying on the pleadings or by repeating conclusory allegations from the complaint. See Morris, 663 F.2d at 1033-34. Plaintiff fails to provide evidence to refute Defendants' evidence showing there was no unlawful arrest or detention, such as evidence that the arresting officer lacked probable cause, documentation of the existence of a Richmond County warrant, records regarding his probation status at the time, an affidavit regarding his conversation with Clarke, or other

information that could support his claims.  (See Doc. 24.)  His attached affidavit details his own statement that, "Defendants have not met the legal standards for Summary Judgment under Rule 56 . . . [and] have not produced the evidence of any hold for a foreign jurisdiction beyond the 72 hours.  I was on Richmond County probation when I was arrested July 28, 2021."  (Id. at 8.)  This affidavit does not include factual evidence relevant to his claims, nor refute evidence that he received a warrant for probation violations in Columbia County.  (See id.)

In sum, Plaintiff does not show his warrantless arrest for methamphetamine possession was without probable cause such that it was unlawful, nor does he show his detention was unlawful because Richmond County failed to provide a warrant on him within 72 hours of his arrest.  There is no evidence of a Richmond County warrant and there is evidence of a Columbia County warrant; thus, the evidence supports that Plaintiff was detained based on his Columbia County violations, which is not the subject of his unlawful detention claim.  Given there is no support for unlawful arrest or detention by Defendants, there is also no evidence of a violation of due process under the Fourteenth Amendment stemming from those events.  Additionally, Plaintiff never identifies which claims he brings under the Fifth or Eighth Amendments, nor provides evidence in support.  As such, there is no genuine dispute of material fact

as to any of his constitutional violation claims; thus, the Court **GRANTS** Defendant's motion for summary judgment.

## B. Statute of Limitations on 42 U.S.C. § 1983 Claims

Plaintiff cites 42 U.S.C. § 1983 in the "Jurisdiction" section of his complaint and alleges (1) "Defendants unlawfully held Plaintiff for (10) ten months in their Detention Center without valid or legal process by unlawful arrest, restrained and detention until Foreign Jurisdiction presented valid or legal process after the 72 hours;" (2) "Defendants are liable under municipal instrumentality doctrines;" and (3) "Defendants are liable and subject to Trezevant v. City of Tampa 11th Cir. Federal Standards for unlawful arrest and detention." (Doc. 1-4, at 2, 6-7.)

Plaintiff asserts unlawful arrest and imprisonment claims under § 1983 against Defendants with all three being "sued jointly and severly [sic] in the individual and/or official capacity." (Id. at 3-4.)  In their motion for summary judgment, Defendants argue Plaintiff's § 1983 claims against all Defendants are barred by the statute of limitations because Plaintiff filed this lawsuit more than two years after his claims against Defendants arose. (Doc. 14, at 10 (citing Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986); Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir. 1996)).)  Plaintiff did not respond to this argument.  (See Doc. 24.)

"[A]fter Wilson v. Garcia[,] the proper limitations period for all section 1983 claims in Georgia is the two year period set forth in O.C.G.A. § 9-3-33 for personal injuries." Williams, 794 F.2d at 626; O.C.G.A § 9-3-33.   In general, the statute of limitations for § 1983 claims begins to run when facts supporting the cause of action are or should be reasonably apparent to the plaintiff.   Brown v. Ga. Bd. of Pardons & Paroles, 335 F.3d 1259, 1261 (11th Cir. 2003) (citation omitted).   Specifically for false arrest claims, "[t]he clock starts when the plaintiff 'is detained pursuant to a legal process.'"   Clifton v. Jeff Davis Cnty., No. 216-cv-108, 2017 WL 1347796, at *1 (S.D. Ga. Apr. 6, 2017) (quoting Jones v. Union City, 450 F. App'x 807, 809 (11th Cir. 2011)).

Plaintiff filed his complaint in the Superior Court of Columbia County on June 20, 2024.   (Doc. 1-4, at 2.)   He was arrested on July 28, 2021, and alleges he had a conversation with Clarke, a Columbia County Deputy, "at [his] time of arrest," regarding a Richmond County hold and the 72-hour detention.   (Doc. 24, at 6.)   Given this, the Court finds the facts supporting Plaintiff's causes of action — his arrest, detention at Columbia County Jail for over 72 hours, and failure to appear before a judicial officer within 72 hours of arrest — were or should have been reasonably apparent to him by August 3, 2021, or at the latest, 72 hours from the execution of the probation violation

15

warrant, likely on August 6, 2021.  Defendants cite deposition testimony where Plaintiff stated he believed he should have been released no later than August 2, 2021.  (Doc. 14-1, at 14.) Plaintiff alleges he "wrote administration" regarding his detainment of over 72 hours. (Doc. 24, at 6.)  This also indicates he was aware of the facts supporting his cause of action at the time because he was writing to address his concerns about the detainment process.  Plaintiff does not rebut Defendants' arguments, nor produce evidence showing the statute of limitations clock should begin to run at a different time. (See Doc. 24.)  As such, the Court finds Plaintiff's § 1983 claims against Defendants are time-barred and Defendants' motion for summary judgment as to such claims is **GRANTED.**

## C. Additional Arguments for Federal Claims

Defendants raise several other arguments for why Plaintiff's claims against each Defendant are subject to summary judgment, including: (1) Columbia County cannot be sued in an individual capacity and the county is not responsible for the policies of a sheriff's office such that it cannot be liable; (2) the Columbia County Sheriff's Office is not a proper party because sheriff's departments are not legal entities capable of being sued under § 1983; (3) Plaintiff's claims against Sheriff Whittle fail because he was not involved with the probation violation warrant, qualified immunity applies, there is no respondeat superior

16

liability under § 1983, and Plaintiff has not provided evidence that Sheriff Whittle had a custom or policy that caused a constitutional deprivation to Plaintiff; and (4) none of the Defendants were the arresting officer, so they did not have the burden of bringing Plaintiff before a judicial officer within 72 hours. (Doc. 14, at 4-10.) Because Plaintiff failed to produce evidence refuting Defendants' facts and exhibits, and his claims are time-barred, the Court refrains from analyzing Defendants' additional arguments.

**D. Georgia Law Tort Claims**

Finally, Defendants argue Plaintiff fails to state a Georgia law tort claim, so they are entitled to dismissal of any state law claims. (Id. at 11.) Liberally construing the complaint, Plaintiff alleges "Defendants['] customs and practices are to release any individual upon expiration of any type of 72[-]hour[] involuntary custodial detention if not presented with valid and/or legal process by foreign jurisdiction[.] Defendants violated Plaintiff's 4th, 5th, 8th, and 14th U.S. Constitutional Amendments — they committed an unlawful tort." (Doc. 1-4, at 6.) He also lists "Georgia Tort Statutes" under the Jurisdiction section of the complaint. (Id. at 1.) Plaintiff provides no additional facts, particular statutes, or evidence to support Georgia law

17

tort claims in his objection to Defendants' motion. (See Doc. 24.)

Defendants also correctly argue "Georgia has 'no equivalent to 42 U.S.C. § 1983, which gives a claim against a state officer individually for certain unconstitutional acts.'" (Doc. 14, at 11 (quoting Dixon v. Ga. Dept. of Pub. Safety, 135 F. Supp. 3d 1362, 1372 (S.D. Ga. 2015) (citation omitted)).) Given this, and Plaintiff's failure to clearly identify the cause of action, it is unclear what he wishes to plead. Furthermore, Plaintiff does not offer any rebuttal arguments or evidence to refute Defendants' assertions. (See Doc. 24.)

Given the above, Plaintiff has not provided information about any claims nor evidence to support them; thus, there is no genuine dispute of any material fact regarding Plaintiff's alleged state law tort claims. As such, Defendants' motion for summary judgment as to the Georgia tort law claims is **GRANTED**.


## IV. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that Defendants' motion for summary judgment (Doc. 13) is **GRANTED**. The Clerk is **DIRECTED** to **ENTER JUDGMENT** in favor of Defendants, **TERMINATE** all pending motions, and **CLOSE** this case.

18

**ORDER ENTERED** at Augusta, Georgia, this 16th day of March, 2026.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA